UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADUAN BROWN,<br><br>        Plaintiff,<br><br> v.<br><br>CARILLO, *et al.*,<br><br>        Defendants. | 1:24-cv-01496-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 12)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

      Plaintiff LaDuan Brown ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. For reasons stated below, the Court recommends that this case be dismissed for failure to state a claim.

      Plaintiff's First Amended Complaint, (ECF No. 12), filed on February 18, 2025, names 31 individual defendants and asserts four claims, each purportedly based on a violation of Plaintiff's "Freedom from Cruel and Unusual Punishment." Following each claim, Plaintiff has included a lengthy narrative of chronological events. (ECF No. 12) However, Plaintiff does not indicate what claims relate to which Defendants, nor what each Defendant is accused of doing or failing to do in violation of Plaintiff's constitutional rights.

      On June 25, 2025, the Court screened Plaintiff's First Amended Complaint and found that it failed to state any cognizable claims. (ECF No. 15). The Court provided the relevant

1  legal standards and provided Plaintiff thirty (30) days to (1) file a Second Amended Complaint
2  or (2) file a statement with the Court that Plaintiff wanted to stand on his First Amended
3  Complaint and have it reviewed by the district judge. (*Id.*). On July 23, 2025, Plaintiff filed a
4  notice stating that he wants to stand on his First Amended Complaint. (ECF No. 20).

5  Accordingly, the Court will recommend that this case be dismissed because of
6  Plaintiff's failure to state a claim.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

Because Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915, which requires a court to dismiss a case if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Pleadings filed by *pro se* plaintiff are to be liberally construed and are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. BACKGROUND

### A. Plaintiff's Initial Complaint

Plaintiff filed the original complaint commencing this lawsuit on December 9, 2024. (ECF No. 1). Plaintiff's complaint was 47 pages long, with single spaced handwriting.

On January 29, 2025, the Court screened Plaintiff's complaint, finding that it was overly long and did not comply with the Court's standing order or Federal Rule of Civil Procedure 8. (ECF No. 11). The Court gave Plaintiff leave to file an amended complaint not to exceed a total twenty-file (25) pages, including any attached exhibits. (*Id.*).

**B. Plaintiff's First Amended Complaint**

On February 18, 2025, Plaintiff filed a First Amended Complaint. (ECF No. 12). Plaintiff's First Amended Complaint is twenty-four (24) pages long and written in small, single-spaced handwriting. Plaintiff names thirty-one (31) separate Defendants, including J. Lynch, the warden at New Folsom prison, Lieutenants Haynle, Arellano, and Pierce, and several other correctional officers, medical staff, and administrative staff.

Plaintiff's First Amended Complaint does not include any claims or causes of action. Instead, it consists of a long narrative in chronological order of various events and complaints over time, that are seemingly unrelated. The first event described took place on July 21, 2020. The last event took place on October 17, 2024. Plaintiff includes allegations related to the following prisons: Salinas Valley State Prison, California State Prison – New Folsom, and Kern Valley State Prison.

The following are just a few of the examples of allegations included in the First Amended Complaint.

Plaintiff alleges that he was assaulted by an inmate at Salinas Valley State Prison and contends that the assault was done at the direction of various correctional officer Defendants. (ECF No. 12 at 8). Plaintiff also alleges that inmates and correctional officers were trying to "set [him] up," and that "[a]ll mentioned correctional officers and identifiable inmates was [sic] passing trays to [him] giving [him] food trays with hair in [his] food." (*Id*. at 7).

As another example, Plaintiff alleges that the water at both New Folsom and Kern Valley State Prison was contaminated. (*Id*. at 14, 16). Plaintiff further alleges "[a]ll institution[s] desperately wanted to conquer [him] and to stop [him] from filing [his] lawsuits and contacting the CDCR Internal Affairs. Prisoner officials would have the city water employee to contaminate each institutions [sic] water." (ECF No. 12 at 17).

In another section, Plaintiff complains about the medical care he received related to a urinary and bowel movement problem. (*Id*. at 16).

Plaintiff also alleges he was subjected to a rule violation report while at New Folsom, which resulted in him losing good time credit. (*Id*. at 17-18).

Plaintiff's First Amended Complaint also contains a number of allegations that various persons, and potentially all correctional officers, are spying on him using their phones. He also alleges that correctional officers are listening to him through TVs and airways. For example, Plaintiff alleges, "[w]hile I was housed at Salinas Valley the correctional officers would use their cellphones to monitor me, see my every thoughts, tell people what I was thinking and when I was coming. They would tap into my T.V. and radios and tell me to give up from calling the Internal Affairs and Office of Inspector General." (ECF No. 12 at 8).

> Plaintiff's First Amended Complaint states that he is seeking the following relief:
> Plaintiff is seeking for declaratory and injunctive relief from each mentioned Defendant and each prison that each Defendant are employed at. Specifically Kern Valley State Prison due to prison official telling society everywhere I go that I am a child molester who watches me with there cellphones. Plaintiff was retaliated from each prison and is seeking both declaratory and injunctive relief to prevent further retaliation. (Salinas Valley State Prison and CSP-New Folsom) Plaintiff is suing each Defendant in its individual capacity. Punitive damages $200,000 (permanent disability, right ring finger) compensatory damages up to 1 million (emotional and mental distress for suffrage and further relief as the court deems proper.

(ECF No. 12, at p. 24).

### C. The Court's Second Screening Order

On June 25, 2025, the Court screened Plaintiff's First Amended Complaint, finding that Plaintiff's First Amended Complaint failed to state any cognizable claims. (ECF No. 15). The Court explained the requirement from Federal Rule of Civil Procedure 8 that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court explained that Plaintiff's First Amended Complaint failed to comply with this Rule because "Plaintiff's first amended complaint contains a long chronological narrative but lacks a statement of claims supported by facts. From the first amended complaint, the Court cannot tell what claims Plaintiff seeks to bring and what factual allegations the claims are based on." (ECF No. 15 at 9). The Court also explained that "Plaintiff's first amended complaint is also subject to dismissal or severance because it improperly brings many unrelated claims against thirty-one different defendants." (*Id.* at 6).

The Court gave Plaintiff the option to file a Second Amended Complaint or notify the Court that he wanted to stand on his complaint. (*Id.*). The Court stated that should Plaintiff file a statement that he wants to stand on the First Amended Complaint, then the Court would issue Findings and Recommendations consistent with the screening order. (*Id.* at 1-2).

### D. Plaintiff Chooses to Stand on His Complaint

On July 23, 2025, Plaintiff filed a Notice that he wanted to stand on his First Amended Complaint. (ECF No. 20).

### E. Plaintiff's Other Filings

Plaintiff has also filed multiple other lengthy documents since the Court issued its last screening order.

On July 21, 2025, Plaintiff filed a seventy-page affidavit (including exhibits), which claims that various prison officials are using virtual reality technology on his mind. (ECF No. 19).

Two days later, Plaintiff filed a motion requesting "administrative relief." (ECF No. 21). Specifically, Plaintiff requested the Court issue an order granting him reports and documents from the CDCR office of internal affairs.

On August 1, 2025, Plaintiff filed a nineteen-page affidavit stating that the thirty-one listed Defendants were conspiring against him to drop his lawsuit. (ECF No. 22).

On August 8, 2025, Plaintiff filed a twenty-eight-page affidavit, stating that he continued to experience malicious behavior and retaliation after mailing out his second affidavit. (ECF No. 23).

On August 25, 2025, Plaintiff filed an eighteen-page motion, including exhibits, which requests a preliminary injunction against Kern Valley State Prison and all thirty-one (31) Defendants in this case. (ECF No. 24 at 1). Plaintiff states that he and his family, friends, and innocent individuals, have suffered malicious retaliation on a daily basis. (*Id.* at 1, 2). Plaintiff also requests that the Court issue a cease-and-desist letter and that Defendants be relieved from their duties, fired, and incarcerated. (*Id.* at 2).

Also on August 25, 2025, Plaintiff filed a twenty-page collection of affidavits sworn by Plaintiff and other individuals, which make various allegations that Defendants are engaged in "cruel and unusual punishment" and "malicious retaliation." (ECF No. 25).

## III. ANALYSIS

### A. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." (*Id.* at 743-44). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**B. No Short and Plain Statement of Claim**

Plaintiff's First Amended Complaint is subject to dismissal for failure to state a claim because it does not contain a short and plain statement of any claim.

According to Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Id.*). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*Id.*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff's First Amended Complaint does not comply with Rule 8's requirement. Although Plaintiff lists four claims, each claim is titled "Freedom from Cruel and Unusual Punishment." None of the claims indicate which of the 31 defendants are implicated by each claim. Nor can the Court determine which facts support each claim. Instead, after each claim, Plaintiff includes a lengthy chronological narrative of events. For example, the supporting facts for claim 1 start as follows:

> I was transferred from California Medical Facility—Vacaville Mental Health Crisis Bed on 7/21/20 to Salinas Valley State Prison. I instantly went suicidal upon my arrival at Salinas Valley because transportation team told me that Salinas Valley was going to continue to set me up. (Assault me, contaminate the prison water and put hair in my food). I was told to file a 602 by the receive and release correctional sergeant and psychologist Dunlap. I filed a 602 Log # 21764 (on 7/25/20). I was housed on Facility D Building 3 cell #232. I

> immediately started having trouble with both inmates and the housing unit correctional officers.  (even correctional sergeants).  I went suicidal on 7/23/30 and appeared before a crisis intervention team.  (A nurse, psychologist, and correctional lieutenant or correctional sergeant as I was on a mental health program as the team is to meet my needs).  I told Lieutenant Beam I was having trouble with the inmates and housing unit c/os because I refused to stop contacting the Office of Internal Affairs and Office of Inspector General.  (Correctional Officers A. Meza, Mariscal, Sandu, T. Clayton and Avila).  All mentioned correctional officers and identifiable inmates was passing trays to me giving me food trays with hair in my food.  They also stated "They was going to continue to set me up."  On 7/25/20 I went suicidal and was placed in the rotunda holding cage because I received another tray with hair in my food and I feared for my safety."  . . . .

(ECF No. 12, at p. 4-7).  The factual narrative for this claim continues in the same fashion for another page and a half.

Similarly, the following is the beginning of the factual support for claim 2, also brought for a violation of "Freedom from Cruel and Unusual Punishment":

> On 2/20/21 I was transferred to California State Prison-New Folsom from Salinas Valley State Prison. The retaliation continued from Salnias Valley because I refused to stop contacting the CDCR OIA and refusing to stop pursuing my lawsuit from my jaw being broken.  New Folson Correctional Officers continued to watch me with there cellphones as correctional officer "ASSAD" told me that is how her colleagues was watching me.  On 3/2/21-3/18/21 I went suicidal on numerous times fearing for my safety and I contacted the Coleman Attorneys and Heather Gians would contact the prison through the Coleman Project team to get a clinician to see me but clinician Axelman told me that the prison guards are going to continue to set me up on 3/10/21.  I saw clinician Axelman on 3/11/21 and New Folsom Warden J. Lynch stating "I was suicidal and how inmate came to my cell wanting to move in my cell and I told him no because the correctional officers "have been trying to set me up" and inmate nickname Kimoni stated "He was going to stab me."  I notified c/o Hester and he escorted Kimoni out of the housing unit.  I believe on 3/13/21 or 3/14/21 I called the Coleman Attorneys and complained that I was depressed and suicidal because I know c/o Gomez was going to set me up.  I called around 11 a.m.  I was not seen until 5:30 pm.  I was seen by a crisis intervention team and I emphasized to clinician Salas the I need to talk to a correctional sergeant. . . .

(ECF No. 12, at p. 10).  The factual narrative for this claim continues in the same fashion for another two and a half pages.

The First Amended Complaint's description of claims and facts does not comply with Rule 8 and fails to state any cognizable claims.  From the First Amended

8

1 Complaint, the Court cannot tell what claims Plaintiff seeks to bring or what factual
2 allegations Plaintiff believes support those claims.  The factual narrative spans over
3 many incidents, dates, and prisons.  Additionally, the First Amended Complaint names
4 over 30 different defendants, but does not connect any of the defendants to specific
5 claims.  Thus, it is not clear what each defendant is alleged to have done or failed to
6 have done in violation of Plaintiff's constitutional rights.

Because Plaintiff's complaint fails to comply with Rule 8's requirement, it fails to state a cognizable claim and should be dismissed.  *See McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996) (affirming dismissal of a complaint because it did not contain a short and plain statement for relief because the "thirty-seven page amended complaint is mostly an extended narrative of the details of the various activities of plaintiff McHenry, and his numerous alleged arrests" and his "claims are set out in a single sentence thirty lines long, alleging numerous and different violations of rights, without any specification of which of the twenty named defendants or John Does is liable for which of the wrongs."); *Nakanwagi v. Arizona,* No. CV-23-08610-PCT-MTL, 2024 WL 3413970, at *2, (D. Ariz., July 15, 2024) (dismissing complaint with prejudice for failing to satisfy the minimum pleading standards of Rule 8, stating "[t]he Amended Complaint presents allegations in a narrative form using conclusory and vague statements. The Court cannot tell which facts support individual claims for relief. . . . A complaint, such as this one, asserting disjointed and verbose facts in a scattershot manner puts the Court and the defendants in a difficult position requiring guesswork and assumptions").[1]

### IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim because it lacks a short and plain statement that complies with Rule 8.  Moreover,

---

[1] Although Plaintiff's first amended complaint also fails to follow Rules 18 and 20, the Court is not recommending dismissal or severance on this basis.  The Court finds that none of Plaintiff's potential claims satisfy Rule 8's requirement of a short and plain statement, which is sufficient to recommend dismissal.  Moreover, the Court cannot decipher which claims are separate from other claims; therefore, the Court is unable to consider severance of some claims from others pursuant to Rules 18 and 20.

1  Plaintiff has been advised of this requirement and given leave to amend, but chose to stand on
2  his First Amended Complaint.  Thus, the Court finds that further leave to amend would be
3  futile.
4        Accordingly, it is **RECOMMENDED** that:
5          1. Plaintiff's First Amended Complaint (ECF No. 12) be dismissed without
6            prejudice[2] for failure to state a claim;
7          2. All pending motions be terminated as no longer pending all on the basis that
8            there is no operative complaint in this case; and
9          3. The Clerk of Court be directed to close this case.
10        These Findings and Recommendations will be submitted to the United States district
11  judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
12  thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file
13  written objections with the Court.  The document should be captioned "Objections to
14  Magistrate Judge's Findings and Recommendations."
15        Plaintiff is advised that failure to file objections within the specified time may result in
16  the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014)
17  (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:  **August 29, 2025**          /s/ *Erica P. Grosjean*
                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Although the Court has discretion to dismiss Plaintiff's First Amended Complaint with prejudice, the Court recommends dismissal without prejudice so that Plaintiff is not precluded from bringing claims based on the facts included in the First Amended Complaint in another lawsuit in a form that complies with the Federal Rules of Procedure and pleading standards addressed in this order.